**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA**

**V.**  CASE NO. 2:05CR70

**ANDY JONES**

**ORDER**

This cause comes before the defendant's motion for directed verdict or in the alternative new trial [48-1]. The Court has reviewed the briefs and arguments and is prepared to rule.

On October 25, 2005, Andy Jones was convicted of possession with intent to distribute in excess of 5 grams of a mixture and substance containing cocaine base, crack cocaine. Jones now moves the Court for a directed verdict or, in the alternative, a new trial, raising two arguments: (1) the Government failed to prove beyond a reasonable doubt that Jones possessed the crack cocaine with intent to distribute and (2) that the Government failed to prove that the offense occurred in this Court's venue.

In evaluating a defendant's challenge to the sufficiency of the evidence, the Court must consider all evidence in the light most favorable to the verdict, drawing all reasonable inferences in support of the verdict, and determine whether a rational juror could have found each element of the offense beyond a reasonable doubt. U.S. v. Martinez-Lugo, 411 F.3d 597, 599 (5th Cir. 2005). Jones' sole basis for challenging the sufficiency of the evidence is that the Government allegedly failed to prove possession with "intent to distribute." The evidence for that element consists principally of the testimony of Drug Enforcement Administration Special Agent Dwayne Smith.

In the course of his testimony, Agent Smith testified at length about his fifteen years of

training as a DEA agent assigned to crack cocaine investigations. Agent Smith also testified that the amount of crack cocaine found in Jones' possession was worth in excess of $700.00 and represented a quantity much greater than would be possessed for personal use. In fact, Agent Smith went on to say that he had never been involved in a case in which a user possessed as much crack cocaine as was found on Jones. Agent Smith went on to describe how the crack cocaine had already been broken into individual rocks in a manner consistent with how drug dealers package the drug for street sales. Finally, Agent Smith pointed out that Jones did not possess any of the paraphernalia typically possessed by users such as a crack pipe or even a lighter, further raising the inference that he was not holding the cocaine for his own personal use. Viewing this evidence in the light most favorable to the verdict and drawing all reasonable inferences in the light most favorable to the verdict, the Court agrees with the Government that a rational jury could have found Jones guilty beyond a reasonable doubt of possession with intent to distribute.

With regards to the venue objection, a criminal defendant generally is held to have waived any objections to venue if he fails to make a formal objection to the lack of venue prior to trial. U.S. v. Carreon-Palacio, 267 F.3d 381, 392 (5th Cir. 2001). However, a defendant may raise a post-conviction challenge to a court's failure to instruct on venue *provided* that (1) trial testimony put venue at issue and (2) a timely challenge was made or an instruction requested at or before the close of evidence. Carreon-Palacio, 267 F.3d at 392. In the case at bar, Jones identifies nothing in the trial record which puts venue at issue,[1] and he did not raise the instant venue challenge until after his conviction. This alone is sufficient to moot his claim of a lack of venue. However, out of an

---

[1] In fact, the entirety of his argument appears to be a single conclusory statement that "[t]he Government failed to establish by competent evidence the jurisdiction and venue of the Court during its case-in-chief."

2

abundance of caution, the Court will also address venue substantively.

As the Government notes, to prove venue, "[t]he prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense." Id. at 392. The Government also points out that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed . . . ." Fed. R. Crim. Pro. 18. Every piece of evidence adduced at trial demonstrated conclusively that the offense was committed in Clarksdale, Mississippi, which is located within the Northern District of Mississippi. The Court, at the request of the Government, took judicial notice of the fact that Clarksdale is located within this District. No evidence adduced at trial even hints that venue might be proper somewhere else. Accordingly, the Government has shown by more than a preponderance of the evidence that venue was proper in this case.

In light of the foregoing analysis, it is hereby ORDERED that the defendant's motion for directed verdict or in the alternative new trial [48-1] is DENIED.

This is the 21st day of December, 2005.

                                                      **/s/ Michael P. Mills**
                                                      **UNITED STATES DISTRICT JUDGE**